CARLOS GUERGUIN v. CITY OF SAN ANTONIO.

Delivered February 22, 1898.

1. **Taxation—Separate Assessment of City Lots.**

Where city lots all belong to the same owner at the time of the assessment, the mere fact that he has divided them into smaller lots for the purpose of sale would not require the assessor to make a separate valuation of each lot.

2. **Same—Tax Lien Extends to All.**

Except as to the homestead, there is now no provision that the taxes due on one tract in an assessment are a lien on that tract only. Following State v. Masterson, 17 Texas Civil Appeals, 91.

3. **Same—Separate Valuation.**

A requirement in a city ordinance that the description of real property for taxation must be "sufficient to identify the same, stating the lot, block, or part thereof,

the value of each piece or parcel being stated separately," does not necessarily require that each lot shall be valued separately.

**4.  Same—Contiguous Lots.**

Where two or more lots are contiguous to each other and are used as one lot, some of them being unimproved, they may be assessed and sold as one lot.

**5.  Same—Judgment for Possession.**

In an action foreclosing a tax lien, the judgment may direct that the plaintiff be put into possession within thirty days, and this in nowise interferes with the defendant's right of redemption within two years.

ERROR from Bexar.  Tried below before Hon. G. L. CAMP.

*Charles L. McGill,* for plaintiff in error.

*R. B. Minor,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This is a suit brought by the defendant in error against plaintiff in error to recover taxes for a number of years on certain real and personal property.  The cause was tried by the court and resulted in a judgment for defendant in error.

We find that the taxes recovered were lawfully levied and lawfully assessed, and were due by plaintiff in error to the defendant in error.

The first and second assignments of error are to the effect that the court was in error in overruling exceptions which were predicated upon the insufficiency of the description of certain lots of land in the city of San Antonio.  One of the descriptions complained of, which is a sample of many others, is, "Lots 15 and 16 in block 5, a subdivision of original city lot No. 139, 33x75 feet each, composing one piece or parcel of land," followed by a valuation of the two lots together.  In determining the validity of an assessment appeal must be made to the statutory requirements in regard to the requisites of an assessment.  Generally it is required by statute that separate and distinct parcels of lands shall be separately assessed, and when so required it is imperative that the requirement should meet with strict compliance on the part of the assessor.  No difficulty arises in the formulation of the rule, but when an application of the rule and a determination of what may constitute a separate piece or parcel of land is to be reached, the assessor may meet with embarrassment and much difficulty.  In the case of Jennings v. Collins, 99 Massachusetts, 29, several lots were assessed together to one Packard, and the court said: "If the lots had all been the property of Packard at the time the tax was laid, the mere fact that he had divided the land into small lots for the purpose of sale would not require the assessors to make a separate valuation of each lot.  But where lands are separated either by the use or purpose to which they are devoted, or by the mode of their occupation, or are disconnected in location, a tax laid generally upon an entire valuation can not be made a lien upon each separate parcel, even when they are all owned and occupied by the same person."

The soundness of the rule enunciated has never, so far as we know, been questioned, and unless in conflict with our Constitution and statutes on the subject, should receive consideration at the hands of our courts. Under the Constitution of 1869, each lot or separate tract of land was liable only for its own taxes, and it was in view of the constitutional provision that the decisions were rendered in Clegg v. State, 42 Texas, 605; State v. Baker, 49 Texas, 763, and Edmondson v. Galveston, 53 Texas, 15. There is no such provision in the present Constitution, but in that instrument it is provided, that the annual assessment on landed property shall be a special lien thereon, and that all property real and personal belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent. Art. 8, sec. 15.

There is a provision, however, to the effect that a homestead shall not be subject to forced sale except for the purchase money or taxes assessed thereon, or for labor and material expended thereon, and it was in view of that provision that an assessment was held invalid that assessed other lots with the homestead, no separate value being given. Jodon v. Brenham, 57 Texas, 655. In the case of State v. Masterson, 42 Southwestern Reporter, 1003, decided by this court; it was in effect held, that the lien for taxes attached to all the land owned by a delinquent, and it is said: "We know of no provision that the taxes due on one tract in an assessment are a lien on that tract only." In that case a lien was foreclosed on eighty-one tracts of land to pay a lump sum of $684.27. The decision was passed upon and a writ of error refused by the Supreme Court, and the point referred to, being the central one in the case, must necessarily have met the approval of that court. It would seem that what has been said would dispose of whatever potency or effect there might be in the decisions made under the old Constitution.

But it is insisted that the assessment was obnoxious to the ordinances of the city of San Antonio, and therefore void. The mode of assessment is not prescribed in the charter, and the ordinances introduced in evidence by appellant and relied upon by him have no applicability to the issue. The ordinances referred to (7 and 8 of chapter 53, ordinances of 1888, and the same ordinances in the revised ordinances of 1893), have no reference to the assessment of property, but apply to the preparation of a tax roll including all taxable property in the city, and a duplicate of the same, the one to be delivered to the city clerk and the other to the collector, and providing what said rolls shall contain. This roll forms the warrant of authority upon which the collector proceeds in the collection of taxes. Cool. on Tax., chap. 13. It is only in that roll that the amount of taxes assessed shall appear. Hernandez v. San Antonio, 39 S. W. Rep., 1022.

If the description required in the roll furnished the collector has any bearing, it has been substantially complied with in every particular except as to stating the amount of taxes. The requirement is, the descrip-

tion of property must be "sufficient to identify the same, stating the lot, block, or part thereof, when the same is real property, the value of each piece or parcel being stated separately." There is no requirement that each lot should be valued separately. If each "piece or parcel" be construed to be each lot or block, still, applying the rule announced hereinbefore from the Massachusetts decision, which does not conflict with the Constitution of Texas and the ordinances of the city of San Antonio, we conclude that the assessments alleged and proved were sufficient. San Antonio v. Raley, 32 S. W. Rep., 180; Cool. on Tax., 402, 403.

The decision of this court in the Hernandez case hereinbefore cited is criticised because it is therein held that the purpose of the ordinance was to require such description as would enable the owner of the land or other interested party to know what property is burdened with the tax. While it may be inferred from what is said in that decision that the court was of the opinion that what would be sufficient as to description in a deed would be good in an assessment, still it is not, as stated by appellant, "boldly announced that, regardless of any and every statutory requirement, however mandatory as to matter of particular description, any description of the property involved which would be a sufficient description in a deed conveying property would be a sufficient description in the assessor's lists or rolls." Such description, however, has been held to be sufficient by Judge Cooley and the courts of a number of States. Cool. on Tax., 404-408, and authorities cited.

It is apparent from the descriptions that the lots assessed together were contiguous to each other, and a number of them unimproved, and where there are improvements, there is nothing to indicate that the lots are occupied for different purposes. "If two town lots are occupied and used as one lot, the buildings thereon being partly on each, they may be sold for taxes together as one lot, their use and nature determining that they are to be regarded as one lot." Weaver v. Grant, 39 Iowa, 294.

The fifth assignment of error is as follows: "The court erred in its judgment forever debarring the defendant Carlos Guerguin from asserting any claim, right, or title in or to any of the land in said judgment described in conflict with or in antagonism to the lien thereby foreclosed, or any right acquired thereunder; and in further decreeing that the order of sale issued by the clerk of the court, directed to the sheriff or any constable of Bexar County, shall have all the force and effect of a writ of possession as between the parties and any person claiming under the defendant, Carlos Guerguin; and that the sheriff or other officer executing said order of sale shall proceed by virtue of said order to place the purchaser of any property sold under the same in possession thereof within thirty days after the day of sale, because the defendant has the legal right to redeem the lands so sold, at any time within two years from the date of such sale."

There is no merit in the assignment. It in nowise interferes with the right to redeem given by the Constitution and statute; and the Supreme Court has held in the case of San Antonio v. Berry, 92 Texas, 319, that

it is not improper to provide in the judgment for placing the purchaser of the land in possession within thirty days after sale.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.