### CITY OF MARLIN V. ANDREW GREEN.

Decided February 3, 1904.

**1.—Taxation—Homestead—Costs—Interest—Penalty.**

The homestead may be subject to sale not only for the taxes assessed against it, but for the costs and expenses of assessing and collecting same, including costs of foreclosure suit and interest; but not for the penalty for nonpayment prescribed by the Act of 1897, nor for taxes due on other property or costs of collecting same. Gen. Laws, 1897, chap. 103, p. 132.

**2.—Same—Interest.**

Interest was not recoverable on taxes due upon the homestead for the years 1892 to 1896 inclusive, under the Act of 1897, Gen. Laws, chap. 103.

**3.—Tax Lien—Foreclosure—Writ of Possession.**

A purchaser of property at sale on foreclosure of a tax lien is not entitled to writ of possession until the expiration of two years from date of deed. Acts 26th Leg., Gen. Laws, 1899, p. 50.

Appeal from the District Court of Falls. Tried below before Hon. Sam. R. Scott.

The city appeals from a judgment denying it certain relief sought in its suit against Green for foreclosure of its lien for taxes.

*J. W. Spivey,* for appellant.

No briefs on file for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellant against Green for the poll and ad valorem taxes alleged to be due appellant for the years 1892 to 1899 inclusive and 1901, and interest on the taxes for each year from the date of maturity, with the 10 per cent penalty provided by law for the taxes due for the years 1897, 1898, 1899 and 1901, and to foreclose lien on a lot in the city of Marlin for the taxes due thereon for each of the years above mentioned, and also to foreclose the lien upon the lot for the amount of interest and 10 per cent penalty, the lot in question being the homestead of appellee.

The city recovered judgment against the appellee for the amount of taxes due and costs, but was denied a foreclosure of lien on the property in question for any of the costs, interest and statutory penalty, and the judgment provided that the writ of possession should not issue for the term of two years.

There is no dispute as to the facts—they are all one way—and reference is made to the record which contains the agreement stating the facts upon which this case is submitted in this court. Appellant's assignments of errors are as follows:

"1. The court erred in rendering judgment denying plaintiff a lien upon the lot in controversy for the fees or costs of officers prescribed by the Act of 1897.

"2. The court erred in rendering judgment denying plaintiff a lien

upon the lot in controversy for the general court costs incurred in the prosecution of plaintiff's suit to collect its debt.

"3. The court erred in rendering judgment denying plaintiff a lien upon the land in controversy for the 10 per cent penalty prescribed by the delinquent tax act of 1897, upon each year's tax assessed against the land in controversy for the years 1897, 1898, 1899 and 1901.

"4. The court erred in rendering judgment denying plaintiff a lien upon the land in controversy for legal interest upon each land tax item sued for the several years, 1897, 1898, 1899 and 1901.

"5. The court erred in rendering judgment against plaintiff upon its demand for interest at the legal rate upon the taxes due and sued for, for the years 1892 to 1896 inclusive.

"6. The court erred in ordering and adjudging that writ of possession should not issue herein until the expiration of two years from date of sale under order of sale; and in ordering and adjudging that the purchaser under order of sale should not have right to possession of the land so bought until the expiration of said two years."

Plaintiff's assignment of errors, except the fifth and sixth, complain of the refusal of the trial court to foreclose the lien on the lot in controversy for the items stated in each of the assignments. The lot in controversy is the homestead of appellee, and only liable under the Constitution for the taxes, costs and interest assessed against it, and it can not be made liable for the taxes, costs, interest or penalty that may be due by appellee on other property owned by him. But we are of the opinion that the language of the Constitution making the homestead liable for taxes due upon it includes interest, which is an incident of the tax debt; and it is also liable for the costs and expenses incurred in assessing and collecting the taxes due upon such homestead, and the cost of suit, if any, that might be incurred in foreclosing a tax lien upon such property; but it could not be charged with the costs and expenses of assessing and collecting taxes due upon other property, or for costs incurred in obtaining judgment for such other taxes. Nor is it liable for the interest due upon other taxes, nor for the penalty prescribed by the Act of 1897, either for the taxes due upon such property, or for any other taxes due upon property by the appellee.

The principle decided in San Antonio v. Berry, 92 Texas, 319, and Bean v. City of Brownwood, 43 S. W. Rep., 1036, in effect, recognizes the liability of the homestead for the costs incurred in collecting the taxes due upon it, and for the interest due upon such sum. In keeping with the above views, we are of the opinion that the court erred in not foreclosing the lien upon the property in question for the taxes due upon that property, as well as the costs incurred in an effort to collect same and foreclose the lien in this case, and for the costs permitted and authorized by law, in assessing the property, etc., and for the interest due for the years 1897, 1898, 1899 and 1901. But we are of the opinion that there was no error in the court's declining to render judgment for the interest for the years 1892 to 1896 inclusive. There was no error

in refusing to foreclose the lien for the 10 per cent penalty prescribed by the Act of 1897.

We are also of the opinion that the sixth assignment of error is well taken. The plaintiff was entitled to its writ of possession whenever the property should be sold under the order of court; however, with the privilege of the owner to redeem within the two years allowed by law. San Antonio v. Berry, 92 Texas, 319; Guerien v. San Antonio, 50 S. W. Rep., 140.

Judgment is reversed with instructions to trial court to render in accordance with this opinion.

SUPPLEMENTAL OPINION.

FISHER, CHIEF JUSTICE.—In the original opinion handed down in this case on February 3, 1904, we held, under the authority of City of San Antonio v. Berry, 92 Texas, 319, 48 S. W. Rep., 499, and Guerguin v. San Antonio, 50 S. W. Rep., 140, that the trial court erred in not granting a writ of possession to the purchaser of the property who might buy the same under the decree of foreclosure of the tax lien.

Since then our attention has been called to an act passed by the Twenty-sixth Legislature, which will be found on page 50 of the General Laws of 1899. It is there provided that a purchaser at such a foreclosure sale shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of the deed.

We withdraw so much of the original opinion as conflicts with this provision of the law, and hold that the trial court committed no error in its judgment in refusing to award a writ of possession until the expiration of two years from the date of the deed. The other questions decided and passed upon, as stated in the original opinion, are not disturbed; and the trial court is directed to render judgment in accordance with the original opinion and this supplemental opinion.

*Reversed with instructions.*

Delivered March 2, 1904.