PORTER et al. v. BROOKS et al. (No. 7999.)

(Court of Civil Appeals of Texas. Ft. Worth. June 20, 1914. Rehearing Denied Oct. 17, 1914.)

1. ADVERSE POSSESSION (§ 79*)—TAX DEED—SUFFICIENCY OF DESCRIPTION—LIMITATIONS.

A tax deed from the calls of which the survey could not be closed or the land be otherwise identified, there being no call for any natural or artificial object, or even any testimony from which the land could be identified by the field notes, was insufficient to support defendants' claim of title under the five-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. § 79.*]

2. ADVERSE POSSESSION (§ 13*) — PRESCRIPTIVE TITLE—FINDINGS—SUFFICIENCY.

Findings, in suits in trespass to try title, wherein defendants claimed under a tax deed, were insufficient to authorize a judgment for defendants on their plea of title under the five-year statute of limitations, where they showed that the possession under which they claimed was in subordination to the true owner's title from January, 1904, to January 5, 1906, that cultivation of the land in the latter year was not shown, and that there was no use or occupancy of the land in the year 1909; it not appearing therefrom that there was a continuous adverse possession for the full five years.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65, 67–76; Dec. Dig. § 13.*]

Appeal from District Court, Callahan County; Thomas L. Blanton, Judge.

Action by J. N. Porter and others against E. H. Brooks and others. From judgment for defendants, plaintiffs appeal. Reversed and rendered.

See, also, 159 S. W. 192.

Eugene De Bogory and J. W. Moffett, both of Abilene, for appellants. Otis Bowyer, of Baird, and Walter L. Morris, of Albany, for appellees.

CONNER, C. J. Appellants Porter and Jones, on May 21, and on November 13, 1912, respectively, severally instituted suits in trespass to try title to recover parts of a tract of about 450 acres of land out of the William G. Anderson survey in Callahan county. The suits were consolidated, and the trial court has filed conclusions of fact, which we adopt, and from which it appears that Porter and Jones held title to the lands claimed by them under mesne conveyances from the sovereignty of the soil. The court, however, further found that E. H. Brooks, under whom the defendants claimed, had purchased the land in controversy at a tax sale on January 5, 1904, and that the tax collector's deed therefor had been duly recorded, and that the defendants thereunder had acquired the superior title under the five-year statute of limitation.

The controlling questions presented on this appeal from the judgment in appellees' favor are: First, whether the tax deed under which the defendants claim is sufficient in its descriptive calls to constitute a basis for the statute of limitations; and, second, if so, whether the facts found by the court support the plea of the statute.

[1] First. Is the deed under which defendants claim sufficient to support the statute of limitation? As found by the court the following is a description of the land given in the tax deed under which appellees claim:

"Out of the William G. Anderson survey of land, beginning at the S. E. corner of D. N. Patterson survey; thence N. to the S. E. corner John Ferguson survey; thence W. to S. W. corner of Ferguson's 80 acres tract; thence N. to S. E. corner Fergusons 15 acre tract, thence W. to S. W. corner said 15 acre tract; thence N. to N. W. corner said 15 acres tract; thence W. to S. W. corner of the D. W. Linville 80 acre tract; thence N. to N. W. corner said 80 acre tract; thence W. to E. A. Hailey's 125 acre tract; thence S. to the Hailey's S. E. corner; thence E. to the D. W. Linville 100 acre tract; thence N. to the N. W. corner of said 100 acre tract; thence E. to the N. E. corner of said tract; thence S. to the S. E. corner; thence E. to the N. E. corner of the W. J. Copeland tract of land; thence S. to S. E. corner of Patterson survey to the place of beginning containing 200 acres of land, more or less."

From the calls of the deed as stated in the court's conclusions, which we must accept as controlling, we have been unable to make the survey close, or otherwise identify the land in question. It will be noted that distances are not given, nor is there a call for any natural or artificial object, nor if we adopt the principle of "Id certum est quod certum reddi potest" and go into the field of testimony, as the court did, to locate the several tracts of land called for in the tax deed, can it be said that the land in controversy can be identified by the field notes of the deed under which the defendants claim, for the court's findings leave the location of some of the surveys called for altogether indefinite, as will be seen by his fourteenth finding of fact, reading as follows:

"XIV. That the D. N. Patterson survey, the John Ferguson survey, the D. W. Linville survey, the D. W. Linville 100-acre tract and W. J. Copeland tract, called for in the said sheriff's deed to Brooks, are not original surveys themselves, but are merely tracts of land known by such names, which have been cut out of the William G. Anderson survey in years prior to the execution of the sheriff's deed, and several of same being too indefinite in description to locate, without depending upon the various deeds filed for record in Callahan county, Tex., and the court excluded the evidence of the surveyor locating the Copeland tract and the Linville 100-acre tract, as the calls were too indefinite; the said surveyor depending upon what was told him by neighbors."

While it is now established that a tax deed may form the basis for limitation under our statute, yet such deed, as in case of other deeds, must be sufficiently certain in its description of the land as that it may be identified on the ground; otherwise there is no proper predicate for the five-year statute of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

limitation. In the case of Giddings et al. v. Day et al., 84 Tex. 605, 19 S. W. 682, it is held that if the land intended to be conveyed be so inaccurately described that it appears upon an inspection of the deed that the identity of the land is altogether uncertain and cannot be determined, the court should pronounce it void. In the case of Hermann v. Likens, 90 Tex. 449, 39 S. W. 282, our Supreme Court says, in substance, that in cases of the execution of a statutory power when the owner of the land intends nothing and the law through its officers acts in hostility to him, we cannot aid an inherently insufficient description by extrinsic evidence tending to prove what the officer probably intended to sell. In these sales, says the court, the policy of the law requires not that there should exist a possible means of showing at some future time what is otherwise indefinite and uncertain, but that at the time of the sale it should be within the power of all who are by notice invited to become debtors to know what is offered. See, also, Ammons v. Dwyer, 78 Tex. 639, 15 S. W. 1049; Brokel v. McKechnie, 69 Tex. 32, 61 S. W. 623; Waters v. Spofford, 58 Tex. 115; Ozee et ux. v. City of Henrietta, 90 Tex. 334, 38 S. W. 768. We conclude that the tax deed under which appellees claimed was insufficient to afford a basis for the limitation asserted by them, and that the court erred in holding otherwise.

[2] Second. But waiving for the moment the insufficiency of the tax deed, can it be said that the court's findings support appellees in their plea of title under the five-year statute of limitation? The statute (article 5674, Rev. Civ. St. 1911) provides, so far as we need to quote, that:

"Every suit to be instituted to recover real estate as against any person having peaceable and adverse possession thereof, cultivating, using or enjoying the same and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after the cause of action shall have accrued, and not afterward."

The court's findings show that the tax deed was duly recorded in the deed records of Callahan county on the 24th day of February, 1904; and that as before stated appellants' suits were filed in the latter part of the year 1912. The findings further show that shortly after receiving the tax collector's deed E. H. Brooks fenced about 20 acres of the land in controversy, and grubbed and put into cultivation about 12 acres within the inclosure; that Brooks rented the cultivated land to tenants, who were in actual possession of the same for the years 1904, 1905, 1907, and 1908, but that it was not cultivated or rented in 1909, nor, so far as the findings show, in 1906. The land, however, was known as the E. H. Brooks land. The findings also show that Brooks paid taxes on 200 acres of land out of the

William G. Anderson survey for the years 1904 to 1910, inclusive; that being all of the land rendered against Brooks by the assessor for those years. For the years 1911 to 1913, inclusive, however, he paid taxes on 403 acres of land, it having been made to appear from an actual survey made in behalf of appellees that the tax deed called for about 450 acres instead of 200 acres, as was evidently thought at the time of its execution. The findings further show that no house was ever built on the land in controversy, and that no one at any time actually lived thereon. The peaceable adverse possession necessary for the acquisition of title under the five-year statute noted must be actual, continuous, visible, notorious, distinct, and hostile, and we think the findings fall short of showing any such possession on the part of appellees. See Raley v. Sullivan & Co., 159 S. W. 99. Under the ruling in Marlin v. Green, 34 Tex. Civ. App. 421, 78 S. W. 704, 79 S. W. 40, and Davis v. Hurst (Sup.) 14 S. W. 610, Brooks' possession from the record of the tax deed in January, 1904, to January 5, 1906, was in subordination to the title of the true owner, and therefore adverse possession did not begin until the latter date, but if it were otherwise, and it should be held that limitation began from the inception of Brooks' possession, there was a break therein for the year 1906; it not appearing that during that year any part of the land in controversy was cultivated or used in any manner. And again for the year 1909 there was no use or occupancy of the land as appears from the court's findings. So that at no time can it be said that the adverse possession of Brooks was continuously adverse within the meaning of the statute for the full five years as thereby made necessary. See Wilson v. Nugent (Civ. App.) 91 S. W. 241; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Appel v. Childress, 53 Tex. Civ. App. 607, 116 S. W. 130.

It follows that the judgment of the court on the issue of title must be reversed and here rendered for appellants. The court, however, further finds that during the period of the appellees' occupancy the defendant Brooks in good faith placed upon the land in controversy improvements of the value of $175 in excess of the value of the rents, and that the appellee Hall placed thereon like improvements of the value of $125. These findings are not questioned, and the judgment will therefore be reversed and here rendered for appellants for the title and possession of the lands described in the plaintiff's petition, but the appellees named will be severally allowed the value of the improvements as stated.

Judgment accordingly.

SPEER, J., not sitting.