

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Board of Insurance Commissioners
Austin, Texas

Gentlemen:

Attention of Mr. George Van Fleet

Opinion No. O-1364
Re: Is the phrase "any reinstatement of
this policy shall be incontestable
after the same period following rein-
statement and with the same condi-
tions and exceptions," a per missible
inclusion in the incontestable clause
in a life insurance policy to be is-
sued in Texas?

Your letter of August 30, 1939, requesting this de-
partment's opinion on the above question, has been received.

A foreign insurance corporation is subject to the
statutes of Texas governing such subjects, Article 5068,
Vernon's Annotated Texas Statutes, 1925. This, regardless
of the import of Article 4734, the latter granting merely
a permissive right which falls before regulatory measures.
Therefore, among other such regulatory statutes, the poli-
cies of such company must conform to Article 4732, subdivi-
sion 3 thereof, which provides:

"That the policy, or policy and applica-
tion, shall constitute the entire contract be-
tween the parties and shall be incontestable
not later than two years from its date, except
for non-payment of premium; and which provision
may or may not, at the option of the company,
contain an exception for violation of the con-
ditions of the policy relating to naval and
military services in time of war."

A life insurance policy is a contract between the parties
thereto, the insurer and the insured, subject only to the reg-
ulatory statutes such as Article 4732, subdivision 3, supra,
It is the accepted rule that the parties can make such contract
as they desire, in the way of conditions, penalties, etc., with
reference to the reinstatement of a lapsed policy. Bankers
Life and Loan Ass'n. vs. Chase, 114 SW (2nd) 374; Lowry vs.

Etna Life Insurance Company, et al, 120 SW (2nd) 505; Southwestern Life Insurance Company vs. Houston, 121 SW (2nd) 619; Freedman vs. Mutual Benefit Health & Accident Ass'n; 119 SW (2nd) 1017; Burchfield vs. Home Benefit Association, 73 SW (2nd) 559; and Texas Prudential Insurance Company vs. Wiley, 80 S.W. (2nd) 1024. Of course such contracts cannot contravene the existing statutes.

In the reinstatement transaction, there may be one of two situations; that is, the right to reinstatement may be a matter of right under the original contract of insurance, or, it may be a matter of grace. If the original contract of insurance provides for reinstatement, upon certain named conditions, which is the usual situation, such is a matter of right to the insured, which, when complied with, automatically entitles him to reinstatement. In this connection we quote from the case of Burchfield vs. Home Benefit Ass'n., supra, as follows:

"There is a very well-established rule that where a lapsed policy contains provisions authorizing the insured to renew same upon his furnishing proof satisfactory to the insurer that he is in good health and upon his performing other specified conditions, and the insured, after the lapse of his policy, makes the necessary application for reinstatement and meets the other requirements of the policy and is actually in good health at the time of the making of the application for reinstatement, and there then exists no valid objection to the form or substance of such application, his policy thereby in effect becomes automatically reinstated, and his beneficiary is entitled to recover under said policy in the event of his death from causes arising subsequent to the filing of said application for reinstatement even though said application was never acted upon nor accepted by the insurer prior to the death of the applicant. See, in this connection, Prudential Ins. Co. v. Union Trust Co. 56 Ind. App. 418, 105 N. E. 505; Muckler v. Guarantee Fund Life Ass'n, 50 S.W. 140, 208 N.W. 787; Leonard v. Prudential Ins. Co., 128 Wis. 348, 107 N. W. 646, 116 AM. St. Rep. 50; Hinchcliffe v. Minnesota Commercial Men's Ass'n. 142 Minn. 204, 171 N. W. 776."

Also see the case of Missouri State Life Insurance Company vs. Hearne, 226 SW 789. We therefore shall treat at this point of

the situation where the matter of reinstatement is, under the contract, a matter of right to the insured.

Under this situation we have the following questions:

If reinstatement is a matter of right under the original contract, when the insured shall have complied with the conditions prerequisite thereto, is there a new contract between the parties?  Or, is the old contract merely restored?  Or, are there two contracts, the original one and a contract of reinstatement?  Furthermore, would the incontestable period run as of the original date?  Or, as of the date of reinstatement?  Or, may there be two incontestable periods, to-wit, one from the date of the original contract, and one from the date of reinstatement,  the former applying only to those matters relating to the original transaction, the latter only to the matters relating to the reinstatement?  And, finally, what effect does Article 4732, subdivision 3 thereof, supra, have on the conclusions reached?

In this connection we quote from the well considered and often cited case of State Mutual Life Insurance Company vs. Rosenberry, 213 SW at page 245:

"After the lapse of the policy on account of the failure to pay the premium no contract of insurance between the parties existed.  The insured and the company, however, had the right to make a contract by which the company should waive the forfeiture and reinstate the policy.  When thus reinstated, the policy as originally issued became as effective as if no forfeiture had been declared, unless the contract for reinstatement itself was tainted with such fraud as would justify the company in repudiating it.  Under the incontestable clause of the policy the company was precluded from any defense which it might otherwise have had based on anything which occurred at the time of or prior to the issuance of the policy, and also of any defense based upon any breach of warranty on the part of the insured contained in the original application or policy.  It, however, had the right to assert and prove that the contract by which the policy was reinstated was induced by material false representations or warranties, and thus defeat liability on the policy.  As we understand the record, this is what the insurance company attempted to do in this case.

"There is some conflict in the authorities
as to the effect of a reinstatement of a policy
after lapse for failure to pay the premium.
Some courts hold that there is a new contract
of insurance as of the date of the reinstatement,
but containing all the terms of the original
policy, and thus hold that the clause rendering
the policy incontestable applies to the new
contract and authorizes a contest for the period
named after the reinstatement.  Pacific Mutual
Life Insurance Co. v. Galbraith, 115 Tenn. 471,
91 S.W. 204, 112 AM. St. Rep. 862, and cases
cited.

"But we think that the better rule and the
one that would come nearer doing justice is to
regard the contract for reinstatement, not as a
new contract of insurance, but as a waiver of the
forfeiture, thus restoring the policy and making
it as effective as if no forfeiture had occurred,
but reserving the right of the company to avoid
the effect of the reinstatement by showing, if it
can, that the reinstatement was induced by unfair
and fraudulent means.  Massachusetts Benefit Life
Association v. Robinson, 104 Ga. 256, 30 S. E.
918, 42 L. R. A. 274; Goodwin v. Provident, etc.,
Life Association, 97 Iowa, 226, 66 N. W. 157,
32 L.R.A. 473, 59 Am. St. Rep. 411; Monahan v.
Fidelity Mutual Life Insurance Co., 242 Ill. 488,
90 N. E. 213, 134 Am. St. Rep. 337; Mutual Life
Insurance Co. v. Lovejoy, 78 South.  299, L.R.A.
1918D, 864."

To the same effect see the case of Rosenthal vs. New
York Life Insurance Company, 94 Fed. Rep., 2nd series, 675, in
an opinion by the Circuit Court of Appeals of the 8th circuit.

These conclusions, therefore, appear correct:

(1)  The insurer may not contest a policy, other than
for non-payment of premiums, as to matters relating to the
original transaction, beyond the statutory incontestable per-
iod.

(2)  Reinstatement being a matter of contractual right,
to which the insured is entitled, such becomes a question only
of compliance with the conditions named in the original con-
tract.

(3)  The parties may, in the original contract, agree

upon a period beyond which the insurer cannot contest the matters relating to reinstatement.

The question at hand would thus be answered; namely, that the provision under consideration is merely a period to be agreed upon by the parties in the original insurance contract, relating only to the matter of reinstatement, having no relation to, or effect upon, the statutory incontestable period as of the original contract; provided, we do not find this in contravention of Article 4732, subdivision 3, supra.

Manifestly, if reinstatement is not a new contract, but a restoration and a continuation of the old contract, the regulatory provisions "shall be incontestable not later than two years from its date," if strictly construed, would forbid the provision at hand, since, under such, the policy could be contested on a ground other than for non-payment of premium, at a time more than two years from its date.

However, reinstatement being, as we have pointed out, a matter of compliance or non-compliance with the contractual provisions as to such, and, as said by the court in the case of Texas Prudential Insurance Company vs. Wiley, 80 S.W. (2nd) 1024, at p. 1026, the insurer would not be seeking for any cause to nullify the efficacy of the policy as originally contracted, but would be insisting that the very terms of the policy knowingly contracted, should be enforced, the question not being one of contesting the policy, but of enforcing it according to its specific provisions, it is believed that to construe the statutes as forbidding the insurer from contesting the compliance with the reinstatement requirements, if more than two years have elapsed from the original date of the policy, or after such shall have elapsed, would be placing a construction on the statute not intended by the Legislature, and would result in compelling the insurer to refuse to contract upon the matter of reinstatement as a matter of right. The hardship to the insuring public from such is obvious.

We therefore construe the phrase at hand as relating only to the transaction of reinstatement, and as having no effect on the incontestable period as of the original date of the policy, and as being a valid contractual provision permissible in the incontestable clause of a life insurance policy, to be issued in Texas.

If, however, reinstatement, under the second situation mentioned above, is only a matter of grace, the reasoning would be even stronger to the effect that the phrase at hand would be a valid contractual provision. Indeed, it would seem to be well taken that if the matter of reinstatement is, under the

contract, a matter of grace, the contract of reinstatement would be a new contract, authorizing, without doubt, the contractual provisions at hand.

We trust this answers your inquiry satisfactorily.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED SEP 18, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/EWC Chairman