**POUNDS et ux. v. RICHARDSON et al.**

No. 2933.

Court of Civil Appeals of Texas. Eastland.

April 11, 1952.

Rehearing Denied May 9, 1952.

C. O. McMillan, Stephenville, for appellants.

Callaway & Fanning, Comanche, for appellees.

COLLINGS, Chief Justice.

This is a suit in trespass to try title brought by G. H. Richardson, Mrs. Hazel Murrell, joined pro forma by her husband, Troy Murrell and Mrs. Rose Bishop, a widow, against M. J. Pounds and wife, Gertie Pounds. The answer of the defendants was a general denial, a plea of not guilty, a plea of the five year statute of limitation and a plea of the four year statute of limitation. Upon a trial before the court without a jury, judgment was rendered in favor of plaintiffs for recovery of the 40 acre tract of land involved. From such judgment, M. J. Pounds and wife have brought this appeal.

It was agreed by and between the parties that appellants, M. J. Pounds and wife, are the common source of title to the land in question. It is admitted by appellants that the legal title in such property is now in appellees unless the evidence introduced by appellants shows title to the property to be in appellants, M. J. Pounds and wife, by reason of the following instruments in a tax suit in the District Court of Comanche County, Texas:

1. Plaintiff's original petition with exhibit attached showing taxes assessed against E. H. Richardson. Estate and against forty acres of the J. L. Pettit Survey, Abstract 1834 for the years 1932 to 1943 inclusive making a total for taxes, penalty, interest and costs of $138.73.

2. A citation by publication to the unknown heirs of E. H. Richardson, deceased, showing that the suit was for delinquent taxes for the years 1932 to 1943 inclusive on forty acres of land out of the J. L. Pettit Survey, Abstract No. 1834, situated in Comanche County, Texas, "and to which land said unknown heirs of E. H. Richardson purported to be the owners thereof and the publisher's affidavit and sheriff's return on the citation."

3. The answer filed by the attorney appointed by the Court to represent the absent defendants, and;

4. The judgment in the tax suit which was rendered July 11, 1945. This judgment was for the amount of taxes, penalty, interest and costs and costs of suit against the defendants due the plaintiff (State of Texas and County of Comanche) on the following described lots or tracts of land situated in the County of Comanche, State of Texas, to-wit:

"Being 40 acres of land out of the J. L. Pettit Survey, Abstract No. 1834, Comanche County, Texas."

5. The order of sale and the sheriff's return thereon showing that he levied upon "the following described land situated in Comanche County, Texas, viz:

"Being 40 acres of land out of the J. L. Pettit Survey, Abstract No. 1834, Comanche County, Texas."

The return recited that such land was the property of defendants in the tax judgment.

6. The notice of sale wherein the sheriff gave notice that he did sell real estate "levied upon as the property of said defendants, same lying and being situated in the County of Comanche and State of Texas, to-wit: Being 40 acres of land out of the J. L. Pettit Survey, Abstract No. 1834, Comanche County, Texas."

7. The publisher's affidavit showing publication of the citation was introduced in evidence, and;

8. The deed from W. P. Sinclair, Sheriff, to M. J. Pounds, dated September 7, 1945, and filed for record January 10, 1946, and recorded in Vol. 320, page 223 of the Deed Records of Comanche County, Texas, was introduced in evidence.

9. The file mark showing that the suit being tried was commenced by petition filed March 9, 1951.

Appellants proved by the Tax Collector and Assessor that the only lands in the name of E. H. Richardson, deceased, as shown on the tax records of Comanche County, Texas, at any time during the period of years from 1932–1943 was forty acres out of the J. L. Pettit Survey. Appellants also proved by the Tax Collector that he had examined the records and found that the land was rendered and taxes paid by M. J. Pounds during the years 1946 through 1950 inclusive giving the dates of payments, all of which dates were in the month of January of each year.

Roy Howard, a witness called by the appellants, testified that he was manager of Comanche County Abstract Company, that he had checked the records and index since 1922 for the purpose of determining whether there was any other land the record ownership of which was in E. H. Richardson except the particular 40 acres that is described in the sheriff's deed, that he did find an eighty acre tract in the early part of 1922 but that this tract was deeded back to M. J. Pounds; that the forty acres deeded by M. J. Pounds to McPhail and from McPhail to Richardson was the only land in the name of E. H. Richardson after such date.

■■ It is contended in appellants' first point that the court erred in rendering judgment in favor of appellees and against appellants for the reason that the evidence showed title in appellants under a valid tax foreclosure proceeding and sale. Appellees urge that the tax foreclosure proceedings were void and did not vest title to the property in appellants. Appellees contend that the affidavit for citation by publication and the citation and publication thereof were insufficient in that the affidavit did not state that the names of the unknown heirs of E. H. Richardson could not be ascertained by affiant by the use of reasonable diligence, especially since the evidence disclosed that the names of such heirs could have been ascertained by the use of reasonable diligence. It was also urged that the citation by publication was insufficient for the reason that it was made returnable on a date prior to the expiration of the forty-two days from the date of issuance. The tax judgment is not, in our opinion, void by reason of such defects in the citation by publication. The judgment against the unknown heirs of E. H. Richardson in the tax suit in question, recited that such defendants "though duly served with process, failed to appear or answer in this behalf but wholly made default." This suit in trespass to try title is a collateral attack against the tax judgment. A collateral attack on a judgment is permissible when invalidity is affirmatively shown on the face of the judgment, or if the judgment is silent upon the question involved, the invalidity may be shown from the record upon which the judgment is based. In this case the judgment is not silent but affirmatively states that there was due service of process. Such recital in the tax judgment is conclusive upon a collateral attack such as is here involved. State Mortgage Corporation v. Affleck, Tex.Com.App., 51 S.W.2d 274; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Adams v. Epstein, Tex.Civ.App., 77 S.W. 2d 545; Hopkins v. Cain, 105 Tex. 591, 143 S.W. 1145; 25 Tex.Jur. pages 857, 858.

■ In our opinion, however, the tax judgment and foreclosure proceedings thereunder were void by reason of the fact that the description of the land in the tax petition, judgment and order of sale was insufficient to describe any specific tract of land with the certainty required in such cases. The description of the land in the tax judgment and in the order of sale was as follows:

"Being 40 acres of land out of the J. L. Pettit Survey, Abstract No. 1834, Comanche County, Texas."

The description of the land in the tax petition was substantially the same. Such

description is insufficient and the sheriff's deed based thereon was void. Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980; Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Wooten v. State, 142 Tex. 238, 177 S.W.2d 56; Pomeroy v. Pearce, Tex.Civ.App., 281 S.W. 315; Id.Tex.Com. App., 2 S.W.2d 431. It is urged by appellant that in identifying land by description it is sufficient if the tract can be specifically identified by reason of ownership and a reference to the ownership of a grantor in the deed of conveyance. In neither the tax petition, the judgment or the order of sale was there a recitation of ownership of the land in question by the heirs of E. H. Richardson, deceased. It cannot be inferred that they owned the land simply because of the fact that the tax suit was brought against them. There was a recitation in the citation by publication and also in the sheriff's return on the order of sale in such tax suit to the effect that the unknown heirs of E. H. Richardson, deceased, were the owners of the land but these recitations may not be looked to for the purpose of supplementing the description contained in the petition, the judgment and order of sale.

 It is further urged by appellant that if the tax judgment and foreclosure proceeding thereunder were void the five year statute of limitation began to run at the time the tax deed to appellants was filed for record on January 10, 1946; that appellant has paid the taxes on the land in controversy before they became delinquent during all of the years 1946 through 1950 inclusive, and that appellant has acquired title under the statute. Appellants' claim of title under the five year statute of limitation is not good for the reason that limitation did not begin to run until the expiration of the two year redemption period following the tax foreclosure sale on September 7, 1945. Appellant did not have the requisite five years' possession between the end of the two year redemption period and the filing of appellee's suit on March 9, 1951. Davis v. Hurst, Tex., 14 S.W. 610; Masterson v. State, 17 Tex.Civ.App. 91, 42 S.W. 1003; City of Marlin v. Green, 34 Tex.Civ.App.

421, 78 S.W. 704; 79 S.W. 40; Turner v. Smith, 56 Tex.Civ.App. 1, 119 S.W. 922; Beatty v. O'Harrow, 49 Tex.Civ.App. 404, 109 S.W. 414 (Writ Ref.); Bledsoe v. Haney, 57 Tex.Civ.App., 285, 122 S.W. 455; Lindley v. Mowell, Tex.Civ.App., 232 S.W.2d 256 (Ref.N.R.E.).

The judgment of the trial court is affirmed.