## PIERCE v. FLIPPEN et al.
### No. 5741.

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1946.

Rehearing Denied Nov. 4, 1946.

Vickers & Vickers, of Lubbock, and Whitaker, Turpin, Kerr, Smith & Brooks, of Midland, Tex., for appellant.

James O. Cade and Robt. J. Allen, both of Lubbock, for appellees.

BOYCE, Justice.

This suit was instituted by the appellee, William H. Flippen, as plaintiff, against C. W. Pierce, appellant, as defendant. The appellee, J. E. Maisen, was made an involuntary plaintiff. Flippen's petition alleged the existence of an affidavit recorded in Lubbock County, a copy of the affidavit being attached to the petition, and prayed for a declaratory judgment construing it. Flippen alleged that the affidavit described no contract or instruments or state of facts which could constitute a contract of purchase in favor of appellant Pierce for certain land in Lubbock County, described by metes and bounds in the petition and that the affidavit showed no option in appellant's favor to purchase the land.

The appellant filed a cross action, alleging that certain letters quoted in the affidavit and certain acts performed by him amounted to a contract for the purchase of the land in his favor. He sought specific performance of this contract. The court sustained lengthy special exceptions to the pleading which set up the cross action.

Appellant failed to amend but set up the same facts in an amended answer. The court sustained special exceptions to the answer and appellant again declined to amend. The parties went to trial before a jury on appellee's original pleadings and a general denial by appellant. The jury returned a verdict for appellees in response to a peremptory instruction.

The case grows out of two letters written by W. H. Flippen to appellant. The first of these is as follows:

"Law Offices
"William H. Flippen
"Dallas, Texas
"July 12, 1945
"Mr. C. W. Pierce
"Present
"Subject: Eighty Acres—Lone
Star Addition:
"Dear Mr. Pierce:

"You have personally requested of me the opportunity, at your expense, to make a survey of the above eighty (80) acres and then in conjunction with the F. H. A. to submit my recommendations with reference to the development of these properties—it being thoroughly understood that this shall be without expense to the Veals or the Veal estate.

"I am perfectly willing to grant you this privilege upon the above base, with the distinct understanding that should we receive what we consider a fair sales price for these properties, we may so do upon giving you thirty days' written notice that we contemplate such an action and giving you an additional fifteen days within which to exercise the privilege of purchase at the bona fide figure we may submit. This option is limited to six months from date.

"Yours very truly,
"WHF-1    (Signed)    W. H. Flippen"

The second letter, omitting the letterhead, reads:

"Dallas, Texas
"July 28, 1945
"Mr. C. W. Pierce
"Lubbock, Texas
"Dear Mr. Pierce:
"I have an offer of $60,000.00 for the remaining portion of the Lone Star Addition. It looks as though this sale might

be consummated as they, thru Soash, tendered One Thousand ($1,000.00) Dollars earnest money. This, of course, subject to Mrs. Veal's approval.

"I give you this information so that you may be apprized and at the same time would suggest that you go to no expense with reference to a survey of these properties as we contemplated when you were in my office, until we know with some character of definiteness about this deal.

"I will take pleasure in advising you as matters progress.

"Yours very truly,
"WHF-1    (Signed)   W. H. Flippen"

By several points of error, appellant contends that the trial court erred in refusing to permit him to prove facts which, taken in connection with the letters, would show that he had been granted an option to purchase the land, which is particularly described as follows:

"All those certain lots and parcels of land lying and being located in the South one-half (S/2) of the Northwest quarter (NW/4) of Survey Thirteen (13), Block 'B', Lubbock County, Texas, Certificate No. 1160, and described by metes and bounds as follows, to-wit:

"Beginning at a point in the West boundary line of Survey 13, Block 'B', Lubbock County, Texas, said point being 1320 feet South of the Northwest corner of said Survey and being the beginning point hereof; thence South 1320 feet; thence East 2640 feet; thence North 760 feet; thence West 185 feet; thence North 560 feet; thence West 2455 feet to the beginning point hereof; said lots and lands described comprising the Lone Star Addition to the City of Lubbock, Texas, as shown by map or plat thereof of record in Volume 172 at page 240, Deed Records of Lubbock County, Texas, consisting of Blocks 1 through 16, inclusive, with the exception, however, of Lots 1 to 3, inclusive, of Block 1, and Lots 1 to 3 and Lots 22 to 24, both inclusive, of Block 8, of said Addition."

Appellant sought to show: That the grantors of the option were Minnie Slaughter Veal, Individually, or Minnie Slaughter Veal, Individually and as Independent Executrix and Trustee, joined by William H. Flippen, as Independant Executor and Trustee of the Estate of George T. Veal, Deceased; that the popular and common name of the above described land was The Lone Star Addition of which a plat had been filed for record in Lubbock County on May 31, 1932; that the property had been known as The Lone Star Addition for thirteen years; that it was the only property owned anywhere by Minnie Slaughter Veal, separately or in community, known as The Lone Star Addition and was the only property anywhere owned by her to which such name was reasonably applicable; that the tract contains approximately eighty acres and is the same property referred to in the first letter quoted as "Eighty acres—Lone Star Addition"; that at the time the letter was prepared, William H. Flippen had before him a map showing the exact location of the property; that the appellant performed the undertakings imposed upon him by the first letter and reported the results of his work to William H. Flippen and Minnie Slaughter Veal.

We think the trial court's rulings that the letters did not grant to appellant an option to purchase the land above described and that proof of the extrinsic matters set forth was not admissible, are decisive of this appeal.

The appellees urge that the letters do not comply with the provisions of Article 3995 of Vernon's Texas Civil Statutes and that evidence of the extrinsic matter was therefore unavailable to appellant. The most recent statement by our Supreme Court of the rules governing the construction of Article 3995 is found in Wilson v. Fisher, Tex.Sup., 188 S.W.2d 150. With reference to the explanation of written memoranda for the sale of land by the introduction of evidence of extrinsic matter, it is stated that the writing relied upon, insofar as the description of the land is concerned, must furnish within itself or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. Resort to extrinsic evidence, when proper at all, is not allowed for the purpose of supplying

the location or description of the land but only for the purpose of identifying it with reasonable certainty from the data in the memoranda. That case intimates that when a tract known by a particular name is involved, the general rule is nevertheless applicable.

■ The only descriptive words in either of the letters are "Eighty Acres— Lone Star Addition" in the first and "the remaining portion of the Lone Star Addition" in the second. No state, county or city is referred to in either letter, so that the location of the land is left entirely to presumption. The letters are dated "Dallas, Texas," and it may be presumed that the land is in Texas. Taylor v. Lester, Tex.Civ.App., 12 S.W.2d 1097, 1098, writ of error refused. In Krueger v. W. K. Ewing Co., Tex.Civ.App., 139 S.W.2d 836, 839, it was held that it might be presumed that the San Gabriel Apartments were located in San Antonio, Texas, by virtue of a date line "San Antonio, Texas." In the case at bar, the land involved is in Lubbock County, so that a presumption drawn from the date line "Dallas" is fatal to appellant. There also seems to be a conflict in the vague descriptions contained in the two letters. In the first letter, the property is referred to as "Eighty Acres—Lone Star Addition," while in the second it is denominated "the remaining portion of the Lone Star Addition." The writings relied upon by appellant in themselves not only fail to identify the property but raise a doubt as to how much of The Lone Star Addition was involved at the time the letters were written. No reference to other existing writings is made in either letter so that we are dependent wholly upon the letters themselves for a written description of the land. That the parties had before them a plat showing the location of The Lone Star Addition at the time the first letter was written and knew exactly what property was meant is of no consequence. Rosen v. Phelps, Tex.Civ.App., 160 S.W. 104, 106, writ of error refused.

■ It has been held that when the description of property to be conveyed is of doubtful sufficiency the ownership is an important element. Such ownership must,

however, appear from the writing and parol evidence cannot be resorted to for the purpose of showing it. Osborne v. Moore, 112 Tex. 361, 247 S.W. 498, quoted from in Wilson v. Fisher, supra. The letters were signed by W. H. Flippen but his signature to them does not even raise the presumption that he owned the land. Starkey v. Texas Farm Mortg. Co., Tex.Civ.App., 45 S.W.2d 999, 1000, writ of error refused. The most that can be inferred from them is that William H. Flippen, the Veals, the Veal estate and Mrs. Veal had some connection with the property. The identities of the Veals, the Veal estate and Mrs. Veal are not disclosed. The determination of the ownership of the property depends wholly on parol evidence.

It is our opinion that the letters completely fail to provide any data from which the land can be identified with reasonable certainty and that the trial court ruled properly in excluding parol evidence for the purpose of identifying The Lone Star Addition with the land described in Flippen's petition or for the purpose of showing that Minnie Slaughter Veal or the executors of the George T. Veal Estate owned it. Since the letters themselves are insufficient to show any contract, errors, if any, made in ruling on pleadings are harmless.

The appellant has cited a number of cases in which memoranda describing the property to be conveyed by a particular name have been held to be sufficient. In all these cases, however, the memoranda furnished, either by date line or otherwise, data from which the county and state in which the land was located could be determined, or referred to other instruments in which the land was particularly described, or identified the owner of the land. In this line of authorities, the appellant most strongly relies on Sorsby v. Thom, Tex. Civ.App., 122 S.W.2d 275, 277, writ of error dismissed. In that case, a letter describing the land as "Rock Island Plantation" and "Corsden Rock Island Ranch tract" was sued upon. The letter was dated at Hempstead, Texas, which is the county seat of Waller County. Apparently indulging in the presumption that the land was in Waller County, the court held that

parol evidence was admissible to show that there was a tract of land in that county definitely identifiable by the names quoted. We have already pointed out that there is nothing in the letters relied upon here to indicate that the land is in Lubbock County and Sorsby v. Thom is not controlling.

Because of our holding that the letters are insufficient memoranda under the Statute of Frauds, we do not find it necessary to discuss the remaining points of error.

For the reasons stated, the judgment of the trial court is affirmed.