A. F. ROWSON V. R. E. ROWSON ET UX

No. A-4811. Decided February 2, 1955.
Rehearing overruled March 9, 1955.
(275 S.W. 2d Series 468)

*Hopkins & Hopkins* and *George M. Hopkins* of Denton, for petitioner.

The Court of Civil Appeals erred in not reversing the judgment of the trial court and rendering judgment in favor of petitioner because the letters written by petitioner, and respondent in reply thereto, and relied upon as a contract, did not describe the land in controversy and therefore did not comply with the statute of frauds. McMurtry v. Hodges, 278 S.W. 866; Osborne v. Moore, 112 Texas 361, 247 S.W. 498; Johnson v. Black, 197 S.W. 2d 523.

*R. B. Gambill* and *John L. Sullivan,* both of Denton, for respondent.

In reply to petitioner's points cited Pierce v. Flippen, 197 S.W. 2d 366; Sanderson v. Sanderson, 130 Texas 264, 109 S.W. 2d 744; Taylor v. Lester, 12 S.W. 2d 1097.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This suit began as a statutory trespass to try title action by petitioner, as plaintiff, against respondents, as defendants, to recover title to and possession of certain real property in Denton County, Texas. By cross-action defendants sought specific performance of an alleged contract for the exchange of real property under the terms of which they were to acquire the title to the Denton County property. A jury trial resulted in a verdict and judgment in favor of defendants on their cross-action and the judgment has been affirmed by the Court of Civil Appeals. 268 S.W. 2d 708.

Several questions are raised by the application for writ of error but if we hold, as we do, that the contract is unenforceable

under the Statute of Frauds, all other questions become immaterial.

The alleged contract is founded upon an exchange of letters, the first being dispatched by the plaintiff to the defendant, R. E. Rowson, and so far as is material to this inquiry reading as follows:

"ROWSON CLINIC

"Dr. A. F. Rowson

"6621 Snider Plaza, Dallas 5, Texas

"Phone Lakeside 0668

"March 31, 1951

"Dear Dick:

"I have fully made up my mind to sell the Lake Cottage, as it has been a source of trouble and expense ever since you have been up there.

"Now I am going to do one of the following three things by June 1st, and you can, and should be guided accordingly.

"(1) I will sell you the house and pay off the bank mortgage of $1,500.00 and I will accept as full payment for the cottage the $1,465. that I have of your hand money, plus a clear title to your house at Alamo if you accept this deal I'll stand to lose $6,500.00 but I am ready.

"(2) I will sell to a stranger for what ever the place will bring.

"(3) I will take possession of my Cottage June 1st and give you $1,465 the day you move out, I will also help you finance a new house. Now you must accept one of the above plans by June 1st, if you remain silent I will assume that you are not interested in any of them and I will on that date contact a Denton Real Estate man and have him find a buyer and you can make a deal with the new owner.

&ast; &ast; &ast;

"I am notifying the Lake Dallas Telephone Co. to remove the telephone from my name April 2nd, so if you want the telephone until June 1st, notify them today.

&ast; &ast; &ast;

"Your best bet would be to leave Dallas and return to Kerr-

ville where you have some land, and I will help you get a house up on it, * * *

"/s/ Allen"

To this letter defendant replied, in substance: "We accept your proposition. We are getting too old to be moving around."

The position of the plaintiff is that neither parcel of property involved in the contract of exchange is described with sufficient certainty to meet the requirements of the Statute of Frauds.

Even if under authority of Sanderson v. Sanderson, 130 Texas 264, 109 S.W. 2d 744[1] we assume the description of defendant's property—"your house at Alamo"—to be a sufficient description of the house and lot owned by defendants in Alamo, Hidalgo County, Texas, the contract would yet be unenforceable unless the property of the plaintiff was sufficiently described.

■ The only description of plaintiff's property appearing in the letter is found in the term "the Lake Cottage," "the house," "the cottage," "my Cottage," and "the Cottage." Extrinsic evidence shows quite clearly that the parties knew and understood that these terms referred to the property involved in this suit and that it consisted of certain lots located on Lake Dallas in Denton County, Texas, acquired by the plaintiff from one J. Leonard Boyd, on which there was a three-bedroom residence occupied at the time of the correspondence by the defendants. But the rule of law is equally clear that resort may not be had to extrinsic evidence to supply the description or location of land required by the Statute of Frauds to be contained in the writing. O'Herin v. Neal, et ux., Texas Civ. App., 56 S.W. 2d 1105, writ refused. "* * * resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum." Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150, 152.

What the contract itself must contain to be enforceable is thus stated in Wilson v. Fisher: "* * * the writing must furnish within itself, or by reference to some other existing writing, the means or date by which the particular land to be conveyed may be identified with reasonable certainty." This test has become the standard by which this Court measures the sufficiency

---

1.—"The town house and all lots now owned by Mrs. Kelton; said lots and house located in Knox City" was held a sufficient description.

of a writing. Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222, 224; Broaddus, et al, v. Grout, 152 Texas 398, 258 S.W. 2d 308, 309.

It is apparent that the writing here does not itself contain a description of the property sufficient to lead to its identify or location with reasonable certainty. It no only contains no metes and bounds description, but gives no information as to location —neither the state, county, survey nor addition where it may be found. But the defendants contend that the writing contains "means or data" by which the land may be identified with reasonable certainty. The reasoning of the defendants in this particular is that since the letter has a Texas dateline it may be presumed that the property is in Texas; since it mentions having a Denton real estate dealer procure a purchaser it may be implied that the property is in Denton County; since it mentions having the Lake Dallas telephone company remove the telephone it may be assumed the property is situated on Lake Dallas; since it speaks of "my cottage" it is obvious it is property owned by the plaintiff; and since it states that the plaintiff will take possession "the day you move out" it infers that it is occupied by defendant. Thus the defendant, through a series of inferences drawn from words used in the letter arrives at last at the conclusion that the property is described with reasonable certainty as a house or cottage owned by the plaintiff situated on Lake Dallas in Denton County, Texas, and then in the occupancy of the defendant.

It has been held that when the writing is datelined in Texas a presumption will be indulged that the property is in Texas, Taylor v. Lester, et al, Texas Civ. App., 12 S.W. 2d 1097, writ refused, but it has also been held that when the dateline contains the name of a city a presumption will arise that the property is located in that city. Krueger v. W. K. Ewing Co., Inc., Texas Civ. App., 139 S.W. 2d 836, no writ history. Trus it appears that if defendants claim the benefit of the presumption that the property is in Texas they are saddled with the further presumption that it is located in Dallas, a presumption fatal to their case. Pierce v. Flippen, Texas Civ. App., 197 S.W. 2d 366, no writ history.

The bases assigned therefor hardly lead with reasonable certainty to the inferences that the land is in Denton County and is situated on Lake Dallas. On the other hand, if the text of the writing does describe the property as property occupied by the defendant, that description in itself is usually held sufficient

to meet the requirements of the statute. Hoover v. Wukasch, 152 Texas 111, 254 S.W. 2d 507, 510; 23 A.L.R. 2d 6, 62-64. We find nothing in the letter specifically stating that the property was then occupied by the defendant or describing it as property occupied by the defendant. An inference that the defendant was in possession of the property may be drawn from this sentence: "I will take possession of my Cottage June 1st and give you $1,465 the day you move out, * * *", but an inference that the defendant was then residing in Dallas rather than on the Denton County property arises out of this language: "Your best bet would be to leave Dallas and return to Kerrville where you have some land, * * *."

■ The description necessary to meet the requirements of the statutes cannot be arrived at from tenuous inferences and presumptions of doubtful validity, especially where the same writing gives rise, with equal validity, to conflicting inferences and presumptions that lead away from the subject matter of the contract. It is immaterial that the Denton County property was the property in the contemplation of the parties at the time the letters were written, or even that parol evidence leads the court to believe that the Denton County property was the subject matter of the contract. Unless the description contained in the writing leads to that conclusion with reasonable certainty the contract is unenforceable. Rosen v. Phelps, Texas Civ. App., 160 S.W. 104, writ refused; Penn v. Yellow Pine Lbr. Co., 35 Texas Civ. App. 181, 79 S.W. 842, writ refused; Matney v. Odom, 147 Texas 26, 210 S.W. 2d 980, 984.

Most of the important decisions of courts of this state illustrative of both sufficient and insufficient descriptions were reviewed by this Court in Wilson v. Fisher, supra, and no good purpose would be accomplished by reviewing them again. Suffice it to say that while the facts in this case are not exactly like those in any of the cases reviewed, they are, in our judgment, more nearly analagous to the facts in those cases in which the description has been held insufficient.

The judgments of the courts below are reversed and the trial court is directed to set aside its former judgment and to enter judgment herein not inconsistent with this opinion.

Associate Justice Wilson dissenting.

Opinion delivered February 2, 1955.

Rehearing overruled March 9, 1955.