**NATIONAL CREDIT CORPORATION,**
Appellant,

v.

**Charles MAYS, Jr., Appellee.**

**No. 16300.**

Court of Civil Appeals of Texas.

Fort Worth.

March 2, 1962.

Rehearing Denied April 6, 1962.

Henry Stollenwerck, Dallas, for appellant.

Mays & Mays and Richard E. Johnson, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is a trespass to try title case. Plaintiff National Credit Corporation sued defendant Charles Mays, Jr., to oust him from title and possession of a certain parcel of property in Tarrant County, Texas, being a part of a 110 acre tract in the M. Lynch Survey. There is no question but that the defendant's title was good unless it be that the mechanic's lien, under and by virtue of which the plaintiff's title was purportedly derived, and which was prior in time as applied to the title of the defendant, met the requirements of the Statute of Frauds.

Judgment was for the defendant and the plaintiff appealed.

Judgment affirmed.

The fact that the owner of the property was a Tarrant County resident appeared on the face of the mechanic's lien. The property as to which the lien was stated to have been given was: "Lot #2, Block

4A, M. Lynch Adtn., Abstract #953, Route 1, Box 662". The instrument was executed in Dallas County, Texas, but was filed of record in the office of the County Clerk of Tarrant County, Texas.

The foregoing constituted the whole of the description in the title instrument. Plaintiff tendered evidence before the court to demonstrate that a surveyor acquainted with property in Tarrant County was able to find the land. The Surveyor testified that there was no M. Lynch Addition in Tarrant County, but due to his familiarity with land in the county he was instantly aware that it must have been the M. Lynch Survey to which the lien instrument had relation. Further, he stated that he was acquainted with the fact that there was an addition or subdivision for sales and promotional purposes which had been drawn by the Sloan Lumber Company; that it appeared in Abstract 953, and that the map or plat of the subdivision or addition could be found in the files of the Tax Assessor-Collector of Tarrant County. By reference to said map or plat, he found that there was no "Lot 2, Block 4A" therein, as the subdivision was divided into only two Blocks. In each block, however, was to be found a lot numbered "4A". By reference to the name of the owner who had executed the lien, he was able to determine that such owner had formerly held title to the "Lot 4A" in "Block 2". At this stage he had no trouble locating the property on the ground. He testified that such could not be done if one were confined to the description and the records of the County Clerk.

Testimony was received from an employee in the Tarrant County Tax Office which was of similar import relative to the presence of the information made available to the surveyor in the office files.

Testimony was introduced from a rural mail carrier to the effect that given the Fort Worth address of Route 1, Box 662, he could readily locate the property in question and knew it to have designated the former address of the owner of the property who gave the lien. Other towns in the area have a rural "Route 1" on which postoffice deliveries are made. Two neighbors of such former owner testified that they were familiar with the property and readily located it.

■ Plaintiff rested its case. Defendant offered no evidence.

We do not believe that such evidence as was received in the trial court may be accorded probative force.

■ The latest authority on the question herein presented is that of Jones et al. v. Mid-State Homes, Inc., Tex.Sup., 356 S.W.2d 923, and reversing Tex.Civ.App., 348 S.W.2d 420. The Supreme Court held in a trespass to try title case that where instruments are offered in evidence by a party in support of his claim to title fail to furnish a nucleus of description sufficient to identify the land claimed they are inadmissible. The court further quoted from its decision in the case of Smith v. Sorelle, 1935, 126 Tex. 353, 87 S.W.2d 703, as follows:

"The rule is well settled that parol evidence cannot be introduced to vary or contradict the descriptive data of a deed. 14 Tex. Jurisprudence, § 251, pp. 1045, 1046. The descriptive words in an instrument should be given a liberal construction, in order that the writing may be upheld, and parol evidence is admitted to explain the descriptive words and to identify the land; but the instrument itself must contain a nucleus of description. The parol testimony must directly be connected with the descriptive data, and when more than this is required, the description is insufficient. 14 Texas Jurisprudence, § 204, pp. 992, 993, and authorities cited."

The reasoning of the plaintiff in this particular case is that it may properly be presumed that the location of the land was in Tarrant County; that since there is an "M. Lynch Survey" in Tarrant County, but no

"M. Lynch Addition to the City of Fort Worth, Tarrant County, Texas", that it may be presumed that "M. Lynch Survey" was meant; that since there was in fact a subdivision map of the Sloan Lumber Company which contained information showing lots and blocks thereof within the M. Lynch Survey (albeit the same was not of record in the office of the County Clerk), that it may be presumed that the premises claimed by plaintiff were located in the subdivision; and that since there was no "Lot Number 2, Block Number 4A", but there was a "Lot 4A, Block 2" shown on the map of said subdivision, that it may be presumed that "Lot 4A, Block 2" was meant to have been stated. Thus the plaintiff, through a series of inferences drawn from the words used in its instrument of title, arrives at the conclusion that the parol evidence introduced is admissible and proper to be considered to explain the descriptive words and identify the land.

The writer has always accorded great weight to the reasoning of Chief Justice Stayton in the case of Smith v. Crosby, 1893, 86 Tex. 15, 23 S.W. 10, 40 Am.St.Rep. 818. Therein he reasons that it is necessary for the law to condemn transactions purportedly conveying land where the land description is not given with sufficient particularity that it would be safe to apply extrinsic evidence to the description for the purpose of locating the land on the ground; that unless there be at least a general, though accurate, designation of the land by which the extrinsic evidence is controlled then extrinsic evidence might operate to convey property when there was no intention expressed by the written instruments to convey it.

In Rowson v. Rowson, 1955, 154 Tex. 216, 275 S.W.2d 468, Chief Justice Calvert stated that the description necessary to meet the requirements of the Statute of Frauds cannot be arrived at from tenuous inferences and presumptions of doubtful validity, especially where the same writing gives rise, with equal validity, to conflicting inferences and presumptions that lead

away from the subject matter of the contract.

■ There having been no M. Lynch Addition in Tarrant County, and indeed not even an official Sloan Lumber Company's Addition or Suddivision in the M. Lynch Survey of the county, it would seem certain that any resort to extrinsic evidence would necessarily be to supply the location or description of the land and not to merely identify such land from the data in the instrument. This is inhibited by the law. Wilson v. Fisher, 1945, 144 Tex. 53, 188 S.W.2d 150.

Judgment is affirmed.