**Jack GUENTHER, Independent Executor of the Estate of Rosalie M. McClure, Deceased, Appellant,**

v.

**AMER–TEX CONSTRUCTION COMPANY, Appellee.**

No. 12387.

Court of Civil Appeals of Texas, Austin.

Feb. 25, 1976.

Keith E. Kaiser, William R. Simcock, Cox, Smith, Smith, Hale & Guenther, Inc., San Antonio, for appellant.

J. C. Reagan, Bartram, Reagan & Burrus, New Braunfels, and Robin P. Hartmann, Haynes & Boone, Dallas, for appellee.

SHANNON, Justice.

Appellee, Amer-Tex Construction Company, filed suit in the district court of Comal County against Rosalie M. McClure for specific performance of a contract to convey land. Before trial, Rosalie M. McClure died, and the independent executor of her estate, Jack Guenther, was made defendant. After trial to the court, the district court entered judgment for specific performance.

The contract to convey contained the following description of the land:

"Reference is made to that certain tract of land adjoining Potter's Creek Park at Canyon Lake in Comal County, Texas, as shown on the attached Exhibit 'A', herein called 'the land.'

.    .    .    .    .

"EXHIBIT 'A':

NORTH

THE LAND

MICHAEL W. POTTER SURVEY

FENCE

FENCE

POTTERS CREEK ROAD

UTILITY LINE

US GOVT PK RD

POTTERS CREEK PARK "

Appellant's principal contention is that the contract to convey did not describe the land with sufficient certainty to meet the requirements of the Statute of Frauds. Tex.Bus. and Comm.Code Ann. § 26.01 (1968).

To comply with the requirements of the Statute of Frauds, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972), *Williams v. Ellison,* 493 S.W.2d 734 (Tex.1973), *Rowson v. Rowson,* 154 Tex. 216, 275 S.W.2d 468 (1955), *Broaddus v. Grout,* 152 Tex. 398, 258 S.W.2d 308 (1953), *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945), *National Resort Communities, Inc. v. Cain,* 479 S.W.2d 341 (Tex.Civ.App.1972, writ ref'd n. r. e.).

We are of the opinion that the contract to convey did not furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed could be identified with reasonable certainty. The only description of the land, other than that the land adjoined "Potter's Creek Park at Canyon Lake in Comal County, Texas," consisted of "Exhibit A," a sketch or map not drawn to scale. The map did not show the width or length of the boundary lines, nor was there any indication that the boundary lines were to be parallel. The map did not show the approximate size of the tract or the number of acres contained therein. There was no recitation in the contract that Rosalie M. McClure owned or resided on the property. There was no reference in the contract to recorded deeds or other instruments from which the land might be identified.

Appellee argues that a "reasonable" man could take the map and locate the land on the ground. We are unable to agree. Most probably one could locate the fence at the corner of Potter's Creek Road and Potter's Creek Park. It would probably be possible to trace the fence westward to the "US Govt Pk Rd." At or about the "US Govt Pk Rd" there is shown some kind of utility line, perhaps an electric line, a telephone line, or a gas pipeline. If one could find the utility line, one is supposed to follow that line north for an undetermined distance to a "fence" which runs in an easterly direction. We conclude that from an examination of the map only the southeastern corner of the tract at Potter's Creek Road and Potter's Creek Park could be established with any reasonable certainty.

Doubtless the parties to the contract to convey knew and understood what land was intended to be conveyed. Moreover, two of appellee's witnesses testified that sometime after the contract was signed a surveyor located the land and made a metes and bounds description thereof. However, the knowledge and intent of the parties will not give validity to the contract, *Morrow v. Shotwell, supra, Rowson v. Rowson, supra,* and *National Resort Communities, Inc. v. Cain, supra;* and neither will a plat made up from extrinsic evidence. *Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980 (1948), *Morrow v. Shotwell, supra.*

The judgment is reversed and judgment is here rendered that appellee take nothing.