**John L. SESSIONS, Appellant,**

v.

**Effie COWART, Appellee.**

**No. 8442.**

Court of Civil Appeals of Texas, Beaumont.

April 30, 1980.

Richard C. Hile, Jasper, for appellant.

Bill A. Martin, Newton, for appellee.

KEITH, Justice.

Plaintiff below appeals from a judgment which denied to him specific performance of an alleged contract involving land in Jasper County. The cause was tried to the court and there are findings of fact and conclusions of law in our record. We do not address plaintiff's points directly because we are of the opinion that defendant's second reply point invoking the statute of frauds is dispositive.[1]

It was shown that defendant, a recently divorced woman then in the employ of plaintiff, had acquired a home in settlement of the property rights in her divorce action. The home was subject to a purchase money lien held by Jasper Federal Savings and Loan Association and defendant was delinquent by four monthly installments aggregating approximately one thousand dollars. Moreover, she was contemplating a move to the State of Louisiana and a new marriage. She was, to use the language of one of the questions put to her by plaintiff's counsel, "in somewhat of a financial bind" when she dealt with plaintiff. On January 5, 1978, plaintiff used two sides of a printed form of receipt for money to write in his own handwriting the "contract" upon which he sued. We reproduce this in its entirety:

"1–5 1978

"RECEIVED FROM John L. Sessions (400.00) four hundred & no/100 DOLLARS Agreed that this 400.00 is a down payment on a Brick Home owned by Effie Cowart—Location 2½ miles on left on Airport Road (Lost Scott Rd.) west of U.S. 96. Total price is 400.00 plus 150.00 a month until 20,000.00 is paid. (over) Dr. Sessions [plaintiff] is to assume present payments on the Brick Home on Lost Scott Road.

/s/ Effie Cowart"

---

1. "Even if the agreement between Sessions and Cowart constitutes a contract, it is not enforceable because it does not comply with the Statute of Frauds."

■ Defendant argues that the property mentioned in the writing is not described with sufficient certainty to meet the requirements of the Statute of Frauds, Tex. Bus. & Comm.Code Ann. § 26.01 (1968). We invoke the rule which was stated in these words in *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas*, 516 S.W.2d 138, 142 (Tex.1974):

> "It is the duty of the appellate courts to sustain the judgment of the trial court if it is correct on any theory of law applicable to the case. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939)."

See also, *State, ex rel. Russell v. Knorpp*, 575 S.W.2d 401, 405 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.). Consequently, we find it unnecessary to discuss any of the points of error brought forward by the appellant.

■ The essential issue to be determined is whether the description of the option contract is so vague, indefinite, uncertain and wanting as to be wholly insufficient under the provisions of the Statute of Frauds. We hold that it is insufficient.

In *Williams v. Ellison*, 493 S.W.2d 734, 736 (Tex.1973), the Court restated the well-established rule, saying:

> "This court has consistently stated that the test for determining the sufficiency of the description of land in contracts to convey land, for compliance with the statute of frauds, is that '[t]o be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty.' *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972), and see cases therein cited. This has been referred to as the 'nucleus of description' theory."

See also, *Zobel v. Slim*, 576 S.W.2d 362, 369 (Tex.1978), and authorities therein cited.

The language used by the Court in *Rowson v. Rowson*, 154 Tex. 216, 275 S.W.2d 468, 470 (1955), is applicable:

> "It is apparent that the writing here does not itself contain a description of the property sufficient to lead to its identity or location with reasonable certainty. It not only contains no metes and bounds description, but gives no information as to location—neither the state, county, survey nor location where it may be found.

> \* \* \* \* \* \*

> "[p. 471] It is immaterial that the Denton County property was the property in the contemplation of the parties at the time the letters were written, or even that parol evidence leads the court to believe that the Denton County property was the subject matter of the contract. Unless the description contained in the writing leads to that conclusion with reasonable certainty the contract is unenforceable."

We are led ineluctably to the conclusion that the writing sued upon would not support a suit for specific performance. *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978).

■ The trial court's judgment required defendant to pay the sum of $2,000 in cash to the plaintiff, apparently as a refund of the money he had paid to the mortgagee and the sums paid to plaintiff, less the rental value of the house. Notwithstanding the filing of findings of fact and conclusions of law, no reasons have been articulated to support such required payment. Nevertheless, the judgment so recites and we will accept the court's finding that the prayer for specific performance was denied *after* defendant paid plaintiff such sum.

No direct attack has been made upon the adequacy of such payment to compensate plaintiff nor does defendant complain of having been required to make such payment. We find no error.

The judgment of the trial court is AFFIRMED.