Willie James HUNTER, et ux., Appellants,

v.

Cleta M. DODDS, Appellee.

No. 6316.

Court of Appeals of Texas, Waco.

Nov. 5, 1981.

Rehearing Denied Dec. 3, 1981.

Roy Simmons, III, Patrick H. Simmons, Simmons & Simmons, Mexia, for appellants.

Holloway Martin, Mexia, for appellee.

## OPINION

JAMES, Justice.

This is a trespass to try title suit. Cleta M. Dodds, Plaintiff-Appellee, sued Willie James Hunter and wife Belzora Hunter, Defendant-Appellants, for title to a fifty-acre tract of land located in the M. R. Alston Survey in Limestone County, Texas, and for $5,000 in damages and $2,000 in rents concerning said fifty-acre tract. Defendant-Appellants answered by general denial and also pleaded adverse possession and for good faith improvements made by them to the fifty-acre tract. Trial was held before the court without a jury after which trial the court entered judgment in favor of Plaintiff-Appellee Cleta M. Dodds for title to and possession of the land in question.

This controversy was set into motion many years ago. On June 20, 1947, the Sheriff of Limestone County, Texas, for a consideration of $705.00 paid by O. H. Dodds, conveyed 50 acres of the Mary R. Alston Survey Abstract No. 34, in Limestone County, Texas, to the said O. H. Dodds at a Sheriff's Sale under judgment and order of sale in Cause No. 1087A in the District Court of Limestone County, Texas. At that time the last known owner of the property was Pinkney Smith who had died sometime before 1947. Cleta M. Dodds, Plaintiff-Appellee, was married to O. H. Dodds at the time he bought the property and remained so until his death in 1971. Mrs. Dodds' testimony showed that following the purchase of the fifty acres, O. H. Dodds leased the tract to Will Tyner for two years for the purpose of grazing cattle. Actually during this two years he was to use it rent free in return for doing repairs and fence work. At the end of this two-year period, Mr. Tyner continued to lease the land from O. H. Dodds for a dollar per acre per year until 1955. At that time Mr. and Mrs. Dodds decided not to use the land for pasturage any longer, and let the trees and grass grow up, planning eventually to build on the property. Mrs. Dodds testified that at all times there was a fence enclosing this fifty-acre tract until the county, in 1962, contacted O. H. Dodds about widening the road, cleaning the ditches and removing the fence in that area, to which he agreed. Up until 1961, when the Dodds moved from Dallas to Corpus Christi, the Dodds family visited the property often. After 1961, they made a trip to the property at least once a year, according to Mrs. Dodds. O. H. Dodds died in 1971, and Mrs. Dodds inherited the land as sole devisee in his will. In 1976, Mrs. Dodds and her son visited the property and found that the acreage was heavily wooded with the cedar trees that had been allowed to grow. The Dodds did not go to the property again until 1979 when they discovered that someone had moved on the land and dozed it. The land had been fenced, signs posted, and a barn and shed had been built and a tank dug. Cattle were grazing and only a third of the trees remained. Mrs. Dodds testified that from the time her husband bought the land in 1947 until the present, they paid the taxes on this land.

Willie James Hunter, Defendant-Appellant, testified that he and his wife Belzora Hunter took possession of the land in 1976, having acquired the interests of his cousins, Mrs. C. G. Beachum and Theadwood Smith, for $25 each by way of a Quitclaim Deed executed on November 16, 1976. He testified that he had been born only a short distance from this tract and had worked on the adjoining tract, but had never seen anyone using the land, nor had he ever seen a fence upon said land from 1940 to 1976. He

further stated that Mrs. Beachum and Theadwood Smith were grandchildren of Pinkney Smith but had not received notice that the property was being sold in 1947. Their names appeared nowhere on the instruments describing the people to receive service as unknown heirs. He admitted that by purchasing under the Quitclaim Deed he was purchasing only the interests held by Mrs. Beachum and Theadwood Smith in this tract, although he said there were some 135 heirs of Pinkney Smith that might claim an interest. Willie Hunter further testified that after purchasing the land, he went to the tax office in Groesbeck, Texas, and was told that the land belonged to O. H. Dodds. Hunter claimed to have paid the county taxes for two years on the property, but not the school taxes, as he was told that he could not pay them since someone else owned it. Having bought the land, Willie Hunter and his wife moved onto the tract, fenced it and made numerous improvements.

The parties stipulated prior to trial that both Plaintiff and Defendants deraigned their title through a common source, namely, Pinkney Smith.

After trial was held before the court without a jury, the court rendered judgment that Plaintiff-Appellee Cleta M. Dodds should recover from Defendant-Appellants the fifty-acre tract in controversy plus costs. From this judgment the Defendants appeal.

The following Findings of Fact and Conclusions of Law were made by the trial court:

## "FINDINGS OF FACT

"1. On June 20, 1947, the Sheriff of Limestone County, Texas conveyed 50 acres of the Mary R. Alston Survey in Limestone County, Texas to O. H. Dodds at Sheriffs sale under judgment and order of sale in Cause No. 1087A in the District Court of Limestone County, Texas.

"2. O. H. Dodds went into possession of said land shortly after June 20, 1947 (having received deed on or about June 20, 1947).

"3. There was a fence encompassing the property in 1947.

"4. O. H. Dodds received writ of possession to said land on or about September 10, 1949.

"5. From date of purchase to a date in early 1950, O. H. Dodds leased the 50 acre tract to a man named Tyner who was leasing an adjacent 150 acre tract owned by O. H. Dodds, his brother and Mrs. Freeman. Consideration for lease was repair and maintenance to the fence on the 50 acre tract.

"6. Beginning in 1950 until about 1955 O. H. Dodds leased the 50 acre tract to Tyner for $50.00 per year.

"7. A fence existed on the property after Tyner quit leasing the land until the year 1961 when Limestone County widened the road on the East side of the property at which time the County took down the fence on the East side of the 50 acres with the permission of O. H. Dodds.

"8. O. H. Dodds paid taxes on land to all taxing agencies from his purchase of the land in 1947 up to his date of death.

"9. O. H. Dodds died in Nueces County, Texas on August 4, 1971. A certified copy of the probate of O. H. Dodds is duly recorded in Limestone County, Texas.

"10. Cleta M. Dodds, the Plaintiff herein, is the surviving spouse and sole devisee under the Will of O. H. Dodds. (O. H. Dodds and Olaf H. Dodds were one and the same person).

"11. From and after the death of O. H. Dodds, Cleta M. Dodds paid all taxes on the property and though she was not a resident of Limestone County she or members of her family would from time to time come to the 50 acre tract for either recreational purposes or to check on the conditions of the land.

"12. Defendants Willie James Hunter and wife, Belzora Hunter, took a Quitclaim Deed to the property on November 16, 1976 from Theadwood Smith and Mrs. C. G. Beachum.

"13. Theadwood Smith and Mrs. C. G. Beachum were heirs of children of Pinkney Smith, a record owner of the 50 acre tract.

"14. Defendants began a course of improvement to the 50 acre tract during 1977 and 1978.

"15. In February 1979 Plaintiff, through her son, found that Defendants had bulldozed part of the land, rebuilt the fence, built a small metal barn, dug a tank and were using the land for cattle.

"16. Defendants entered on the land without the knowledge or consent of Plaintiff."

## "CONCLUSIONS OF LAW

"1. A regular chain of title exists from the sovereignty to Plaintiff as evidenced by the instruments introduced during trial from the patent to the Plaintiff's husband and through his probate to Plaintiff.

"2. The Defendants named in Cause No. 1087A in the District Court of Limestone County, Texas (the tax suit in question) names therein the heirs of Pinkney Smith, one of the record owners of the property.

"3. Pinkney Smith and Henry Smith were record owners of the property and both died prior to the filing of the tax suit in Cause No. 1087A.

"4. The tax suit properly cites all defendants named and in addition thereto properly cites the unknown heirs of the defendants as well as the unknown owners of the 50 acre tract.

"5. Though not specifically named as defendants in Cause No. 1087A, the grantors in the Quitclaim Deed into the Defendants would have had any title owned by them or their ancestors (if their ancestors were living in 1947) divested by the 1947 tax suit and sale.

"6. The claim of Defendants through the Quitclaim Deed will not support a claim for limitation.

"7. The Defendants cannot qualify as good faith improvers because no reasonable ground could have existed under the facts of the case for said Defendants to believe that they were the true owners and that no one was contesting their title.

"8. Defendants had notice that taxes were being paid by Cleta M. Dodds.

"9. Defendants had notice that Cleta M. Dodds claimed the property and was holding under a deed prior to Defendants placing improvements on the 50 acre tract.

"10. The Plaintiff's claim is supported by a regular record title superior to Defendants' title and is further supported by limitation title to the 50 acre tract superior to the claim of Defendants under the Quitclaim Deed.

"11. Plaintiff should recover title and possession to the 50 acre tract and the Defendants should be denied reimbursement for improvements."

Appellants, Willie James Hunter and wife Belzora Hunter are before this Court on three points of error, to wit:

(1) The District Court erred in granting title and possession of the 50-acre tract to the Plaintiff, as Defendants' predecessors in title were legal owners of said property and they were never named in or received notice of a tax suit as required by law in Cause Number 1087–A on the docket of the 77th District Court of Limestone County, Texas, and styled, *State of Texas v. Chanie Miles, et al.*

(2) The District Court erred in admitting into evidence the tax deed, and concluding that a regular Chain of Title existed from the sovereignty to the Plaintiff, as the legal description in the deed from the Limestone County Sheriff to O. H. Dodds was insufficient and indefinite, causing said deed to be void and incapable of supporting a claim under a three year or five year limitation title.

(3) The District Court erred in finding and concluding that the Plaintiff acquired title to the 50 acre tract by limitation, as there was no evidence or factually insufficient evidence of adverse possession and cultivation, use, or enjoyment of said property by Plaintiff or her predecessors in title.

We overrule all of Appellants' points and contentions and affirm the trial court's judgment. More specifically, we hold that (1) the Sheriff's Deed to O. H. Dodds dated June 20, 1947, is sufficient to commence the running of the five-year statute of limitations in favor of Mr. and Mrs. Dodds, after the two-year redemption period thereafter had expired, and that O. H. Dodds and Appellee Mrs. Dodds perfected title to the land in controversy under the five and ten year statutes of limitations; (2) the legal description of the land contained in the Sheriff's Deed to O. H. Dodds was sufficient and capable of supporting the perfection of title in Mr. and Mrs. Dodds under the five year statute of limitation; and (3) the evidence is legally and factually sufficient to show adverse possession of the tract of land in controversy in favor of Appellee Mrs. Dodds and her predecessors in title, and that title was perfected in Appellee under the five and ten year statutes of limitation.

As stated before, O. H. Dodds purchased the 50 acre tract at a tax sale in 1947 for a valid consideration; he immediately thereafter went into possession thereof, and received a writ of possession to said land after the two year redemption period had expired. The Sheriff's Deed was filed for record September 1, 1949. Dodds leased the land to Will Tyner from 1947 until 1955. There is evidence that the tract was enclosed by a fence from 1947 until 1961 or 1962, when Limestone County took down the fence on the east side thereof with the permission of O. H. Dodds. The said O. H. Dodds exercised dominion and control over said land until his death in 1971; and thereafter such land was claimed and used by Appellee Mrs. Dodds as the widow and sole devisee under the will of the said O. H. Dodds.

Appellants' first point of error contends, as we understand it, that Appellee Mrs. Dodds and her deceased husband could not have perfected title under the 5 year statute of limitations because neither Appellants nor their predecessors in title were named in or received notice of the tax suit through which O. H. Dodds received the Sheriff's Deed in question. We disagree with this argument.

Our Supreme Court in *Davis v. Howe* (Tex.Comm.App.1919) 213 S.W. 609, 610, judgment adopted, has this to say about the nature of a deed sufficient to support the five year statute of limitations:

"Title by limitation under the five-year statute results from possession with claim of ownership, evidenced by a deed or deeds duly registered and compliance with the other requirements of the statute. For the purpose of limitation, it is wholly immaterial that the deed conveys no title. An instrument in the form of a deed not void on its face, even though the grantor be wholly without title, satisfies the requirement of the statute. *Wofford v. McKinna*, 23 Tex. 36, 76 Am.Dec. 53; *Schleicher v. Gatlin*, 85 Tex. 270, 20 S.W. 120.

"The whole object of the statute in requiring a deed and its due registration is to define the boundaries of the claim and give notice to the true owner of such adverse claim. This is accomplished by any apparently valid instrument having the essential parts of a deed. That the deed is in fact void is immaterial. So, likewise, is the ground of its invalidity. The sole inquiry is whether the instrument is a deed within the purview of the statute.

"In the opinion by Chief Justice Phillips in *Rosenborough v. Cook*, 108 Tex. 364, 194 S.W. 131, the office of a deed under the five-year statute is clearly and concisely stated. In the course of the opinion the Chief Justice says:

" 'It is thus clear that a deed under the law governing five years limitation has a character distinct from that of an effectual muniment of title. For the purpose of such limitation it performs an office unrelated to title, and although as a conveyance of title it may be futile. That office is simply to aid the possession as a means of notice of the adverse claim to the land. The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different

statutes require, notice is given of the hostile claim. Under the three years statute, it is afforded by possession under title or color of title. Under the ten years statute, simply by possession. And under the five years statute, it is given by possession, the payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five years statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land.' "

■ Applying the standards set out by our Supreme Court in the language hereinabove quoted, we hold that the Sheriff's Deed to O. H. Dodds in the case at bar was sufficient to start in motion the five year statute of limitation in favor of O. H. Dodds, after the expiration of the two year redemption period. In other words, the five years of adverse possession begins to run after the expiration of the two year redemption period. See *Davis v. Hurst* (Tex. 1890) 14 S.W. 610; *Lindley v. Mowell* (Tex. Civ.App.1950) 232 S.W.2d 256, 260, NRE; *Pounds v. Richardson* (Tex.Civ.App.1952) 248 S.W.2d 317, 320, no writ. In our opinion, Appellee and her deceased husband O. H. Dodds have met all the requirements needed to perfect title to the subject land under both the five and ten year statutes of limitation.

Appellants' second point of error challenges the sufficiency of the legal property description contained in the Sheriff's Deed to O. H. Dodds, to support Appellee's title under the five year statute of limitations. We believe and hold that the legal description of the property is sufficient.

Our Supreme Court in *Wilson v. Fisher* (1945) 144 Tex. 53, 188 S.W.2d 150, has laid down the rule concerning the legal sufficiency of the property description as follows, to wit: "_____ insofar as the description of the property is concerned, the writing must furnish within itself, or by reference to some other existing writing,

the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Also see *Rowson v. Rowson* (1955) 154 Tex. 216, 275 S.W.2d 468.

The property description in the Sheriff's Deed to O. H. Dodds is couched in the following language:

"50 acres in Abst. 34 (Desc. in 60–146)

All above property being located in Limestone County, Texas."

Volume 60, page 146 of the Deed Records of Limestone County, Texas, shows a deed from Lucinda Smith to Henry Smith wherein the property description therein is worded as follows:

"All that certain tract or parcel of land situated in Limestone County, Texas, a part of the Mary R. Alston League, described as follows, to wit: one half undivided interest in and to fifty (50) acres of said League, said fifty (50) acres being fully described in a deed dated Jan. 10, 1895, from G. R. Means to Pinkney Smith, recorded in vol. 15, page 88, deed records of Limestone County, Texas, to which reference is here made for a complete description of said 50 acre tract, by metes and bounds."

In turn when we go to the deed from G. R. Means to Pinkney Smith recorded in volume 15, page 88, of the Deed Records of Limestone County, Texas, we find a complete metes and bounds description of the 50 acre tract in question.

We believe the property description in the Sheriff's Deed to O. H. Dodds in the case at bar meets the test laid down by our Supreme Court in *Wilson v. Fisher*, supra, and *Rowson v. Rowson*, supra, as hereinabove quoted, and therefore hold that said property description is legally sufficient. Appellants' second point of error is overruled.

Appellants' third and final point of error asserts that the evidence is legally and factually insufficient to support Appellee's title by adverse possession to the subject property. We have already set out and detailed the pertinent evidence concerning the adverse possession on the part if Appel-

lee Mrs. Dodds and her deceased husband, O. H. Dodds, and without repeating same, we hold that there is ample evidence in this record to show compliance by Mr. and Mrs. Dodds with the requirements of both the five and ten year statutes of limitation.

We accordingly affirm the trial court's judgment.

AFFIRMED.