Opinion issued September 30, 2002

 


 





In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00757-CV






GREENWAY PLAZA, LTD., Appellant


V.


SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee





On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 656,628-101





O P I N I O N

 Greenway Plaza, Ltd. (1) appeals (1) the summary judgment rendered in favor of
appellee, Southwestern Bell Telephone Company, and (2) the denial of Greenway's
motion for summary judgment. We affirm in part and reverse in part.

Facts and Procedural History

 In November 1995 Southwestern Bell began eminent-domain proceedings
against Greenway and others to acquire easements for telecommunication services in
Five Greenway Plaza. On October 29, 1999, representatives of both Greenway and
Southwestern Bell met without counsel to discuss settlement. Southwestern Bell
brought to the meeting a proposed one-page "Memorandum of Intention to Settle." 
After several hours of negotiation, Greenway and Southwestern Bell revised the
proposed one-page settlement agreement and signed it ("the Memorandum"). The
Memorandum provided that the "specific language and other terms of the settlement
agreement will be negotiated between our attorneys, but we agree that it will contain
the above terms."

 After further negotiations and exchanges of proposed final settlement
documents, Greenway and Southwestern Bell were unable to reach an agreement. 
Greenway took the position that the Memorandum was binding and enforceable under
Texas Rule of Civil Procedure 11. In March 2000 Southwestern Bell filed a petition
for declaratory judgment as a part of the eminent-domain proceeding, requesting the
trial court to declare the Memorandum did not satisfy the requirements of Rule 11 and
was unenforceable as a matter of law. Greenway counterclaimed for breach of
contract, alleging that Southwestern Bell had breached the Memorandum by refusing
to execute the formal documents contemplated by the Memorandum.

 Both parties filed motions for summary judgment. In its brief, Southwestern
Bell asserted the following as grounds for summary judgment: (1) the Memorandum
did not satisfy Rule 11 because it left material terms open for future negotiations; (2)
the Memorandum did not satisfy Rule 11 because it did not contain a description of
the physical location of the easements to be conveyed; and (3) the Memorandum was
nothing more than a nonbinding "agreement to agree." The trial court granted
Southwestern Bell's motion on the ground that the Memorandum "did not include an
adequate description of the terms of the access agreement and for that reason is not
an enforceable agreement." The trial court denied Greenway's motion. After
severing the claims in Southwestern Bell's petition for declaratory judgment and
Greenway's counterclaim for breach of contract into a separate cause (trial court
cause number 656,628-101), the trial court rendered a final declaratory summary
judgment that (1) the Memorandum was unenforceable and (2) Greenway take
nothing on its breach-of-contract counterclaim.

Discussion

 If both parties file competing motions for summary judgment and one is
granted and the other overruled, the appellate court must consider all issues presented
on appeal, including the propriety of the order overruling the losing party's motion. 
Jones v. City of Houston, 907 S.W.2d 871, 875 (Tex. App.--Houston [1st Dist.]
1995, writ denied). A party moving for summary judgment has the burden of proving
there is no genuine issue of material fact and that it is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985).

 In its first issue, Greenway contends the trial court erred in rendering summary
judgment on a ground not stated in Southwestern Bell's motion for summary
judgment. We agree.

 Texas Rule of Appellate Procedure 166a(c) requires that the "motion for
summary judgment shall state the specific grounds therefor." The trial court granted
Southwestern Bell's motion on the ground that the Memorandum "did not include an
adequate description of the terms of the access agreement and for that reason is not
an enforceable agreement." This is not one of the specific grounds Southwestern Bell
stated in its motion, and the trial court erred in rendering summary judgment on a
ground not expressly set out in the motion. Stiles v. Resolution Trust Corp., 867
S.W.2d 24, 26 (Tex. 1993).

 We sustain issue one.

 In issue two, Greenway contends the trial court erred in denying its motion for
summary judgment regarding its counterclaim for breach of contract. In that
counterclaim, Greenway alleged Southwestern Bell "has breached the settlement by,
among other actions or inactions, refusing to execute the formal documents
contemplated by the settlement agreement [Memorandum]." Greenway phrased its
ground in its motion for summary judgment in the form of a question: "Under Texas
law, were those contemplated formal documents intended by the parties to be a
condition precedent to the formation of a contract or rather merely a memorialization
of an already enforceable contract?" Greenway's motion requested the trial court to
order specific performance as the remedy.

 Greenway argues the Settlement Agreement was enforceable under Texas Rule
of Civil Procedure 11, citing Padilla v. LaFrance, 907 S.W.2d 454 (Tex. 1995). In
Padilla, the Texas Supreme Court held that a series of letters discussing settlement
constituted a binding settlement agreement. Id. at 460-61. Padilla differs from this
case, however, because Greenway and Southwestern Bell were negotiating an interest
in real property.

 Under the statute of frauds, a contract or agreement for the sale of land is not
enforceable unless the agreement is in writing and signed by the person to be charged
with the agreement. Tex. Bus. & Com. Code Ann. § 26.01 (Vernon 2002). The
statute of frauds requires an agreement to be "complete within itself in every material
detail" and to contain "all of the essential elements of the agreement." Padilla, 907
S.W.2d at 460. To meet the statute-of-frauds requirements, the property description
"must furnish within itself, or by reference to some other existing writing, the means
or data by which the land to be conveyed may be identified with reasonable
certainty." Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972). The supreme
court has also stated:

 The description necessary to meet the requirements of the statute cannot
be arrived at from tenuous inferences and presumptions of doubtful
validity, especially where the same writing gives rise, with equal
validity, to conflicting inferences and presumptions that lead away from
the subject matter of the contract. It is immaterial that the . . . property
was the property in the contemplation of the parties at the time the
[agreement was] written, or even that parol evidence leads the court to
believe that the . . . property was the subject matter of the contract. 
Unless the description contained in the writing leads to that conclusion
with reasonable certainty, the contract is unenforceable.


Rowson v. Rowson, 275 S.W.2d 468, 471 (Tex. 1955).

 The Memorandum recites the parties "agree to settle the condemnation lawsuit
filed by [Southwestern Bell] to acquire property rights in Five Greenway Plaza." 
While it is true that Southwestern Bell's original condemnation petition contained
detailed descriptions of eight easements it sought, it is not evident from the
Memorandum which of the easements Greenway and Southwestern Bell agreed to be
part of the nine-year "access contract" mentioned in the Memorandum. Accordingly,
the Memorandum cannot satisfy the strict requirements of the statute of frauds and
the trial court did not err in denying Greenway's motion for summary judgment.

 We overrule issue two.

 Conclusion


 We reverse the portion of the trial court's judgment rendering summary
judgment for Southwestern Bell, affirm the portion of the trial court's summary
judgment denying Greenway's motion for summary judgment, and remand the cause
to the trial court for further proceedings.


Frank C. Price (2)

Justice


Panel consists of Justices Mirabal, Nuchia, and Price.

Do not publish. Tex. R. App. P. 47.
1. At the time the trial court proceeding was initiated, Crescent Real Estate
Equities Funding III, L.P. was the successor in interest to Greenway Plaza,
Ltd., a Texas Limited Partnership.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.